Case 4:20-cv-03706   Document 20   Filed on 06/04/21 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 04, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| HORTENCIA MARTINEZ,<br>    Plaintiff,<br><br>vs.<br><br>TEXAS HEALTH AND HUMAN SERVICES COMMISSION,<br>    Defendant. | § CIVIL ACTION NO.<br>§ 4:20-cv-03706<br>§<br>§<br>§<br>§ JUDGE CHARLES ESKRIDGE<br>§<br>§<br>§<br>§<br>§<br>§ |

## OPINION AND ORDER
## GRANTING MOTION TO DISMISS

The motion by Defendant Texas Health and Human Services Commission to dismiss the claims against it for violations of the Americans with Disabilities Act, the Texas Commission on Human Rights Act, and the Family and Medical Leave Act and for disability discrimination under Title VII is granted. Dkt 17.

1. Background

Plaintiff Hortencia Martinez has worked at HHSC since February 2009. Dkt 14 at ¶ 10. She accessed files regarding her mother's "denied case" in December 2016 and January 2017. Id at ¶¶ 11, 15. It's unclear what kind of case her mother had before HHSC, why it was denied, or what information was contained in those files. But Martinez claims to have accessed those files "with the permission of her supervisor." Id at ¶¶ 11, 15. Martinez then asked Kelli Williams (her manager) in February 2018 "for guidance regarding the process to follow to apply to request benefits for her mother." Id at ¶ 13. She concedes that Williams told her not to access her mother's files. Id at ¶ 15. A report from

the information-technology department was requested two days later that showed she had already accessed those files. Williams met with Martinez on March 8, 2018 about her access of those files, which Martinez asserted that she'd done with approval. Ibid.

Williams and Lawrence Singleton (the interim director of HHSC) then gave Martinez "a disciplinary action notice." Id at ¶ 16. It stated that "Martinez had until 5:00 p.m. on March 22, 2018 to submit a written rebuttal to the notice" or she would face immediate termination. Ibid. Martinez claims that she timely submitted a rebuttal to Williams by email. Id at ¶ 17.

Martinez then submitted an employment-discrimination complaint with HHSC on March 26, 2018. Id at ¶ 18. Martinez alleged that "she was being treated differently, and less favorably, than other HHSC non-Hispanic employees" because "other HHSC non-Hispanic employees that violated that same rule were not reprimanded and were not told that they could be terminated." Ibid. Martinez was then terminated on March 28, 2018. Ibid.

Martinez also pleads numerous facts regarding her health and related need to avail herself of the Family Medical Leave Act. Id at ¶¶ 3, 12–15. She specifically claims to suffer from "an autoimmune disease, which requires her to take time off every month," along with "anxiety and panic attacks." Id at ¶ 12. Martinez asserts that she was on FMLA leave from November 15th to 17th of 2017 and claims that she was offered a promotion on the latter date. Ibid. But she was also told "that there would be limited leave approval for the first six (6) months of her new position." Id at ¶ 13. So, Martinez says, she expressed concern to Williams about her continued need for monthly injections. Id at ¶ 13. Williams allegedly responded "that although leave would be limited, it did not mean that it would not be approved." Ibid. After Williams confronted Martinez about her accessing her mother's files, Martinez had a panic attack and asked Williams to allow FMLA leave for the remainder of the day, which was approved. Id at ¶ 15. Williams also approved her request for leave the next day due to the rescheduling of an infusion-treatment appointment. Ibid.

2

Martinez ultimately filed a charge against HHSC with the United States Equal Employment Opportunity Commission in September 2018 "for discrimination based on race and disability and for retaliation against Plaintiff for participating in protected activities." Id at ¶ 8. The EEOC issued Martinez a right-to-sue notice on August 5, 2020. Ibid.

Martinez then brought action against HHSC in October 2020. Dkt 1. HHSC moved to dismiss, and Martinez responded. Dkts 12, 15. Martinez also amended her complaint, now asserting claims for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-2(a) and § 21.051 of the Texas Labor Code. Dkt 14 at ¶¶ 19–26. She also asserts claims for disability discrimination and failure to accommodate under the Americans with Disabilities Act, 42 USC §§ 12101, *et seq*, disability discrimination under Title VII, and for retaliation in violation of Title VII and § 21.055 of the Texas Labor Code. Id at ¶¶ 27–43. Martinez lastly asserts that HHSC "interfered with her FMLA rights in violation of 29 USC § 2601, *et seq*." Id at ¶ 6. The then-pending motion to dismiss was denied as moot given the amended complaint. Minute Entry of 02/25/2021.

HHSC now again moves to dismiss the TCHRA, ADA, and FMLA claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as it argues those claims are barred by sovereign immunity. Dkt 17. HHSC further moves to dismiss the Title VII claim for disability discrimination pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Ibid.

    2. Legal standard

Federal courts are ones of limited jurisdiction. *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001), citing *Kokkonen v Guardian Life Insurance Co of America*, 511 US 375, 377 (1994). Rule 12(b)(1) permits a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. The Fifth Circuit holds that dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs)*, 668 F3d 281, 286 (5th Cir 2012), quoting *Home Builders Association, Inc v City of Madison*, 143 F3d 1006, 1010 (5th Cir 1998).

The burden is on the party asserting jurisdiction to establish by a preponderance of the evidence that subject-matter jurisdiction is proper. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008), citing *Howery*, 243 F3d at 919; *Paterson v Weinberger*, 644 F2d 521, 523 (5th Cir 1981). Indeed, a presumption against subject-matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

UTMB also moves to dismiss Martinez's claim for disability discrimination under Title VII pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 17 at 10. Standards in this regard needn't be stated because Martinez responded that she "is not pursuing a disability discrimination claim under Title VII." Dkt 18 at 9–10.

### 3. Analysis

Properly understood, sovereign immunity is a legal concept predating both the Eleventh Amendment and the United States Constitution as a whole. *Cutrer v Tarrant County Local Workforce Development Board*, 943 F3d 265, 268 (5th Cir 2019) (citations omitted). Indeed, the Supreme Court holds that "the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v Maine*, 527 US 706, 713 (1999); see also *Franchise Tax Board v Hyatt*, 139 S Ct 1485, 1496 (2019) (citations omitted). Even so, questions of sovereign immunity are now typically resolved under the rubric of the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This text "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v Region 20 Education Service Center*, 307 F3d 318, 326 (5th Cir 2002) (citations omitted). It has been further construed that "sovereign immunity also prohibits an individual from suing his home state

in federal court." *Cutrer v Tarrant County Local Workforce Development Board*, 943 F3d 265, 269 (5th Cir 2019), citing *Hans v Louisiana*, 134 US 1 (1890).

The Fifth Circuit holds, "Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v Board of Commissioners of the Orleans Levee District*, 294 F3d 684, 688–89 (5th Cir 2002), citing *Regents of the University of California v Doe*, 519 US 425, 429 (1997). As such, HHSC is a state agency entitled to sovereign immunity. *Cephus v Texas Health and Human Services Commission*, 146 F Supp 3d 818, 827 (SD Tex 2015), quoting *Janek v Harlingen Family Dentistry, PC*, 451 SW3d 97, 99 (Tex App—Austin 2014, no pet); Tex Govt Code § 531.021(a).

Three exceptions allow for suits against states, state agencies, and state officials in federal court.

*First,* a state may explicitly waive its sovereign immunity. *College Savings Bank v Florida Prepaid Postsecondary Education Expense Board*, 527 US 666, 670 (1999), citing *Clark v Barnard*, 108 US 436, 447–48 (1883). Such waiver may not be implied. *Sossamon v Texas*, 563 US 277, 285 (2011) (citations omitted). Instead, such consent to suit "must be 'unequivocally expressed' in the text of the relevant statute." Ibid, citing *Pennhurst State School and Hospital v Halderman*, 465 US 89, 99 (1984).

*Second,* Congress may abrogate sovereign immunity through "the exercise of its power to enforce the Fourteenth Amendment—an Amendment enacted after the Eleventh Amendment and specifically designed to alter the federal-state balance." *Florida Prepaid*, 527 US at 670, citing *Fitzpatrick v Bitzer*, 427 US 445 (1976).

*Third,* the *Ex parte Young* doctrine avoids the bar to suit if the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland Inc v Public Service Commission of Maryland*, 535 US 635, 645 (2002), quoting *Idaho v Coeur d'Alene Tribe of Idaho*, 521 US 261, 270 (1997).

5

a. ADA claims

Martinez brings claims for disability discrimination and failure to accommodate under Title I of the ADA, 42 USC §§ 12101, *et seq*. Dkt 14 ¶¶ 27–34. The State argues that sovereign immunity bars these claims. Dkt 17 at 7–8. Martinez argues in response that Texas knowingly waived its sovereign immunity as to her ADA claims because it accepted federal funding. Dkt 18 at 5–6.

Title I of the ADA provides, "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 USC § 12202. The plain text of the statute appears to abrogate the sovereign immunity of the individual States. "But the Supreme Court has held that Congress exceeded its constitutional abrogation authority in enacting § 12202." *Sullivan v Texas A&M University System*, 986 F3d 593, 596 (5th Cir 2021), citing *Board of Trustees v Garrett*, 531 US 356, 374 (2001). As such, Martinez can't rely on abrogation to overcome Texas's sovereign immunity from her claim under Title I of the ADA.

Texas also hasn't waived its immunity to suit under Title I of the ADA by accepting federal funds. The pertinent statute provides:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 USC § 794], title IX of the Education Amendments of 1972 [20 USC §§ 1681 *et seq*], the Age Discrimination Act of 1975 [42 USC §§ 6101 *et seq*], title VI of the Civil Rights Act of 1964 [42 USC §§ 2000d *et seq*], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

42 USC § 2000d-7(a)(1). Those enumerated statutes "deal solely with discrimination by recipients of federal financial assistance." *Cronen v Texas Department of Human Services*, 977 F2d 934, 937

(5th Cir 1992). And so, "a plaintiff seeking to invoke the residual clause must show his cause of action arises under a statute within that defined set." *Sullivan*, 986 F3d at 597, citing *Yates v United States*, 574 US 528, 545 (2015).

The Fifth Circuit holds, "Title I of the ADA does not fall within the residual clause of § 2000d-7(a)(1)." *Sullivan*, 986 F3d at 597; see also *Levy v Kansas Department of Social & Rehabilitation Services*, 789 F3d 1164, 1171 (10th Cir 2015). This means that Texas hasn't waived sovereign immunity under Title I of the ADA by accepting federal funds.

The claims under Title I of the ADA must be dismissed as barred by sovereign immunity.

### b. FMLA Claim

HHSC argues that it "has sovereign immunity to Plaintiff's discrimination and retaliation claims to the extent those claims stem from Plaintiff taking FMLA self-care leave as well as any claims under the FMLA." Dkt 17 at 9–10; see Dkt 14 ¶¶ 6, 12–15. Martinez responded that by "accepting federal financial aid, Defendant knowingly and voluntarily waived its Eleventh Amendment immunity to suits under any anti-discrimination statute, including the FMLA." Dkt 18 at 9.

Like the ADA, the FMLA purports to make States amenable to suit. *Sullivan*, 986 F3d at 596, citing 29 USC §§ 2617(a)(2), 2611(4)(A)(iii). Unlike under Title I of the ADA, "Congress acted constitutionally in making the States amenable to suit" under the FMLA's *family-care provision*. *Sullivan*, 986 F3d at 596, citing 29 USC § 2612(a)(1)(C) (emphasis added). But Martinez doesn't bring action under that provision. She (like the plaintiff in *Sullivan*) instead sued under the *self-care provision*. 29 USC § 2612(a)(1)(D). And the Supreme Court holds that Congress exceeded its constitutional powers in trying to make States amenable to suit with respect to that provision. *Sullivan*, 986 F3d at 596, citing *Coleman v Court of Appeals of Maryland*, 566 US 30, 43–44 (2012). As such, Martinez can't rely on abrogation to overcome Texas's sovereign immunity from her FMLA claim.

Texas also hasn't waived its immunity to suit under the self-care provision of the FMLA by accepting federal funds. Like Title I of the ADA, the FMLA isn't among the statutes

7

mentioned in § 2000d-7(a)(1). And as with Title I of the ADA, the Fifth Circuit holds that the FMLA doesn't deal "solely with discrimination by recipients of federal financial assistance." *Sullivan*, 986 F3d at 598, quoting *Cronen*, 977 F2d at 937. This means that the FMLA likewise doesn't "fall within the ambit of § 2000d-7(a)(1)'s residual clause." *Sullivan*, 986 F3d at 598. Texas therefore hasn't waived sovereign immunity under the FMLA by accepting federal funds. Ibid.

The FMLA claim must be dismissed as barred by sovereign immunity.

### c. TCHRA claims

Martinez brings claims for race discrimination and retaliation under §§ 21.051 and 21.055 of the Texas Labor Code, otherwise known as The Texas Commission on Human Rights Act. Dkt 14 at ¶¶ 24–26, 42–43. The State moves to dismiss those claims pursuant to Rule 12(b)(1) as barred by sovereign immunity. Dkt 17 at 8.

Claims against the State or one of its agencies under the TCHRA are barred by sovereign immunity in federal court unless the State or agency waived its immunity. The Fifth Circuit plainly holds, "In the TCHRA, the State of Texas waives its immunity to suit in state courts, but it 'does not expressly waive sovereign immunity in *federal* court.'" *Sullivan*, 986 F3d at 599, quoting *Perez*, 307 F3d at 332 (emphasis in original). This is because "a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst*, 465 US at 99 n 9 (citations omitted). Thus, "the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court." *Hernandez v Texas Department of Human Services*, 91 F Appx 934, 935 (5th Cir 2004, *per curiam*), citing *Pennhurst*, 465 US at 120. This is in fact a well-settled proposition as applied to the TCHRA. For example, see *Pequeño v University of Texas at Brownsville*, 718 F Appx 237, 241 (5th Cir 2018); *Wei-Ping Zeng v Texas Tech University Health Science Center*, 836 F Appx 203, 207 (5th Cir 2020, *per curiam*); *Hernandez v Texas Department of Human Services*, 91 F Appx 934, 935 (5th Cir 2004, *per curiam*) (citation omitted).

8

The TCHRA claims must be dismissed as barred by sovereign immunity.

### d. Disability-discrimination claim under Title VII

Martinez claims that HHSC "intentionally engaged in unlawful employment practices involving Plaintiff because of her race and disability." Dkt 14 ¶ 36. HHSC moves to dismiss pursuant to Rule 12(b)(6) because any "disability discrimination claim would not fall within the purview of Title VII's protected classes so Plaintiff has not stated a claim upon which relief can be granted." Id at 10. Martinez in response states that she "is not pursuing a disability discrimination claim under Title VII." Dkt 18 at 9–10.

The disability-discrimination claim under Title VII will be dismissed to the extent it has been pleaded.

### 4. Potential for repleading

A district court "should freely give leave [to amend] when justice so requires." FRCP 15(a)(2). The Fifth Circuit holds that this "'evinces a bias in favor of granting leave to amend.'" *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (citation omitted). But the decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012) (citation omitted). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020), citing *Smith v EMC Corp*, 393 F3d 590, 595 (5th Cir 2004).

The ADA, TCHRA, and FMLA claims will be dismissed without prejudice because sovereign immunity deprives the Court of subject-matter jurisdiction. She may not replead them.

The disability-discrimination claim under Title VII will be dismissed with prejudice as voluntarily abandoned.

### 5. Conclusion

The motion by Defendant Texas Health and Human Services Commission to dismiss the claims against it pursuant to Rules 12(b)(1) and (b)(6) is GRANTED. Dkt 17.

Martinez's claims under the Texas Commission on Human Rights Act, the Americans with Disabilities Act, and the Family Medical Leave Act are DISMISSED WITHOUT PREJUDICE. They may not be repleaded.

Her disability-discrimination claim under Title VII is DISMISSED WITH PREJUDICE.

The claims for race discrimination and retaliation under Title VII will proceed, as neither has been subject to a motion to dismiss. Dkt 14 at ¶¶ 19–23, 35–38, and 39–41.

SO ORDERED.

Signed on June 4, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge